RECEIVED
2005 AUG 24 P 4 50

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT ANDREW WERMUTH, #189991, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:05cv644 ) |
| SHANNON CARROL YOUNGBLOOD, et al., | ) ) ) ) |
| Defendants. | ) |

## RESPONSE, WRITTEN REPORT AND ANSWER OF DEFENDANTS SHANNON CARROL YOUNGBLOOD AND R. D. CALHOUN TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Shannon Carrol Youngblood ("Youngblood") and R. D. Calhoun ("Calhoun"), by and through undersigned counsel and, in accordance with this Court's Order of July 15, 2005, file this Response, Written Report and Answer in response to Plaintiff's Complaint.

This action is being brought by Plaintiff Robert Andrew Wermuth who, on September 30, 2003, was arrested and charged by certain members of the Montgomery Police Department for theft of property in the third degree and attempted assault in the first degree. Defendant was ultimately convicted in the Circuit Court of Montgomery County for Assault in the 2nd degree. In this action, Plaintiff alleges that Defendants Youngblood and Calhoun violated his Constitutional rights against cruel and unusual punishment.

### Ground One: Defendants Youngblood and Calhoun Violated Plaintiff's U.S.C.A. Right Against Cruel and Unusual Punishment, Const.-Amend. #(8)

In his Complaint, Plaintiff specifically states: "Defendants Youngblood and Carrol [sic], on or about September 30, 2003, after getting out of my car, in my driveway, I voluntarily surrendered myself to the police and laid face down on the ground behind my vehicle in my

driveway. Defendants Youngblood and Calhoun approached me with his [sic] gun drawn and at that point said officer(s) knelt down on top of my back with gun(s) in their hands and while in this position another officer officer [sic] approached me and released a police dog and told said dog to attack me." Plaintiff further states to the Court that at this time he was laying face down with arms in plain view of the officers and that the defendants ordered the police dog to attack him without warning.

**Defendants' Response and Answer to Ground One:**

Defendants deny all allegations contained in Ground One of Plaintiff's Complaint and demand strict proof thereof.

On Tuesday, September 30, 2003 at approximately 3:45 a.m., two Montgomery Police Officers, J.C. Welch and M.C. Deramus, were on routine patrol of their district when they were flagged down by the clerk of a convenience store requesting that they stop the vehicle in the parking lot. (**See Affidavits of Officers James C. Welch and Melva C. Deramus, attached hereto as Exhibits A and B**). Officers Welch and Deramus approached the vehicle and asked the driver (later identified as the Plaintiff, Robert Andrew Wermuth) to exit the vehicle. Plaintiff refused to comply with the officers' orders and, instead, continued his attempts to start his vehicle. The officers noticed that the steering column of Plaintiff's vehicle had been "popped" and Plaintiff was attempting to start the vehicle with a screw driver. Again, the officers demanded that Plaintiff exit the vehicle, but he still refused to comply. At this time, Officer Welch reached into the vehicle and grabbed hold of the Plaintiff in an attempt to physically remove him from the vehicle. The Plaintiff, at this point, was able to start the vehicle and he drove away, dragging Officer Welch approximately thirty (30) feet before Officer Welch could release himself. Officer Welch fell to the pavement sustaining injuries to his left hand, arm and

elbow which required medical treatment. In his attempts to flee the parking lot, the Plaintiff also struck the patrol unit vehicle. (See **Exhibits A and B**).

The Plaintiff sped away from the convenience store and a lookout for the Plaintiff and a description of the vehicle was put out. Sergeant Youngblood was traveling east on Atlanta Highway when he observed a vehicle that matched the description of the lookout that had been put out. **(See Affidavit of Shannon Carrol Youngblood attached hereto as Exhibit C)**. As Sergeant Youngblood turned around and attempted to catch up with Plaintiff's vehicle, the vehicle increased his speed and began making quick turns onto side streets without slowing down or stopping first. Sergeant Youngblood ran the necessary checks on the vehicle and inquired as to the charges against the driver. Sergeant Youngblood was advised of a Theft 3rd charge against the Plaintiff; and, was also advised by Officer Welch that the driver was also wanted in reference to a code 26 (hit and run) with a police vehicle and also for striking a police officer. (See **Exhibit C**).

Sergeant Youngblood continued to follow Plaintiff's vehicle and another unit fell in behind him. At the interchange of Interstates 85 and 65, Sergeant Youngblood attempted to initiate a traffic stop using both his emergency lights and sirens, but the Plaintiff continued onto Day Street. The Plaintiff continued to ignore Sergeant Youngblood's attempts to pull him over and, instead, was driving recklessly, making radical turns and approaching speeds of 55 mph in residential areas. As the pursuit approached Hill Street, Sergeant Youngblood attempted to slow as the Plaintiff's vehicle began to turn left onto Hill Street; however, the brakes on Sergeant Youngblood's patrol car failed to stop his vehicle and he collided into the rear of Plaintiff's vehicle. Plaintiff's vehicle continued across Day Street on Hill, and Sergeant Youngblood stopped his vehicle and requested assistance. (See **Exhibit C**). Defendant R. D. Calhoun and his

partner, Officer Barrier, responded to the accident and prepared an accident report. (See **Affidavit of Rodrick D. Calhoun, attached hereto as Exhibit D)**. Sergeant Youngblood did not rejoin the pursuit of Plaintiff and neither he nor Officer Calhoun was present when Plaintiff was taken into custody. (See **Exhibits C** and **D)**. Therefore, Defendants could not have "ordered the police dog to attack your Plaintiff" as Plaintiff alleges in his complaint. Instead, Sergeant Everette L. Johnson (who was a Corporal on September 30, 2003), was the K-9 officer who took Plaintiff into custody and affected Plaintiff's arrest. (See **affidavit of Sergeant Everette L. Johnson which is attached hereto as Exhibit E)**. As evidenced by Sergeant Johnson's affidavit, once the pursuit ended and Plaintiff had exited his vehicle, he attempted to flee on foot and ignored Sergeant Johnson's repeated warnings of "stop or I will release my dog." Accordingly, Sergeant Johnson's K-9 partner, Jethro, was released. Plaintiff tripped and fell as he was running from Sergeant Johnson and Jethro engaged Plaintiff in his right arm at which time Sergeant Johnson approached the Plaintiff and, with the assistance of another officer, took the Plaintiff into custody. (See **Exhibit E**). Plaintiff was treated for puncture marks at the scene and transported to the hospital for further treatment.

### Ground Two:  Assault with a vehicle while trying to stop me for a misdemeanor in violation of the Eighth Amendment to the United States Constitution.

.     In his Complaint, Plaintiff specifically alleges that he "was allegedly being chased by the Defendant's [sic] for allegedly taking (36) cans of beer. Plaintiff was pursued through a residential neighborhood and one of the defendant"s [sic] and or their agents slammed his vehicle into my vehicle on two different occaissions [sic] and at one time pushed me through a four lane intersection putting my life in danger along with other motorists who were put in danger. Said defendant(s) and or their agents ran into the back of my vehicle twice in an attempt

to cause me to crash and as such caused damage to my vehicle. This incident happened at the intersection of Hill and Day Street on or about September 30, 2003. Defendant were [sic] careless and reckless about their actions not only to myself but to other motorists in the area. Plaintiff shows to this Court that the Montgomery Police Department and or their agents are known to beat, misuse force, and put motorists at danger during their pursuit, all for (36) cans of beer."

**Defendants' Response to Ground Two:**

Defendants deny allegations contained in Ground Two of Plaintiff's Complaint and demands strict proof thereof.

As evidenced by the affidavits of Officer J.C. Welch (**Exhibit A**) and Sergeant Shannon Youngblood (**Exhibit C**), the pursuit of Plaintiff was not only for a theft of property charge but, also, a hit and run involving a police vehicle and assault of a police officer. The felony assault charge was the result of Plaintiff's failure to comply with officers' orders that he exit his vehicle and, instead, Plaintiff sped away from the convenience store (where he had stolen a case of beer resulting in the theft of property charge) dragging Officer Welch approximately thirty (30) feet and causing physical injury to Officer Welch. (See **Exhibit A**).

Sergeant Youngblood, in his affidavit attached hereto as **Exhibit C**, explains how the accident occurred during the pursuit of Plaintiff who refused to stop for police officers who were using full emergency equipment (both lights and sirens) in their attempts to pull him over. Specifically, Sergeant Youngblood states: "I was traveling east on Atlanta Highway when I observed a red Jeep Cherokee occupied by one subject traveling west on Atlanta Highway. When I turned around to catch up with the vehicle, the vehicle increased his speed and began making quick turns onto side streets without slowing down or stopping first . . . . I also inquired

if there were any other charges against the driver of the Jeep (later identified as the Plaintiff, Robert Andrew Wermuth) other than the misdemeanor charge of Theft 3rd. I was advised by Officer Welch that the driver was also wanted in reference to a code 26 (hit and run) with a police vehicle and also for striking a police officer. The Jeep turned onto Interstate 85 traveling toward Day Street and another Unit (Hill and Horner) fell in behind me. At this time, I had not attempted to stop the vehicle. As the Jeep approached the I-85/I-65 interchange, I attempted to initiate a traffic stop using both my lights and sirens but the Jeep continued onto Day Street. The Jeep continued to ignore my attempts to pull him over, turning on neighborhood streets, approaching speeds of 55 mph . . . As the Jeep approached Hill Street, I attempted to slow as the vehicle began to turn left onto Hill Street; however, the brakes on my until failed to stop my vehicle at which time I struck the red Jeep. The Jeep was able to continue across Day Street on Hill and I was able to get my vehicle stopped in the turning lane from Hill Street onto Day Street by using my emergency brake. I did not rejoin the pursuit." (See **Exhibit C**).

### Ground Three:

The allegations contained in Ground number 3 of Plaintiff's Complaint are duplicitous of the allegations raised in Ground One. Defendants deny the allegations contained in Grounds One and Three of Plaintiff's Complaint and demand strict proof thereof.

### Prayers for Relief

A)   Defendants deny any involvement in Plaintiff being taken into custody and, thereby, deny that any undue physical force was used.

6

Defendants deny that the incident made the basis of Plaintiff's Complaint was a "case involving non-violent offenders and misdemeanors as in your Plaintiff's instant case at bar . . ." Plaintiff struck two police vehicles, dragging a police officer approximately thirty (30) feet causing physical injury to said police officer and, based on his physical assault of Officer Welch was ultimately convicted of Assault 2nd Degree as evidenced by the Alabama SJIS CC/DC Case Detail attached hereto as **Exhibit F**.

C)   Defendants deny that Plaintiff is due any the compensatory damages he seeks in his Complaint and demand strict proof thereof.

D)   Defendants deny that Plaintiff is due any of the punitive damages he seeks in his Complaint and demand strict proof thereof.

E)   In response to Plaintiff's request that Defendants be ordered to be retrained on reading license plate numbers and their use of police radios and/or computers in order to track the place of residence of a suspect instead of pursuing said suspect, Defendants state that the vehicle Plaintiff was driving on September 30, 2003 when he assaulted Officer J.C. Welch and led police on a pursuit through the City of Montgomery, was not owned nor registered to the Plaintiff and, therefore, had police not pursued him then he would not have been held responsible for his actions and, ultimately, brought to justice for his crimes against Kwik Shop and Officer J.C. Welch. See collection and insurance documents attached hereto as **Exhibit G** (Plaintiff striking police cruiser in parking lot of Kwik Shop as he assaulted Officer Welch) and **Exhibit H** (accident with Sergeant Shannon Youngblood as Plaintiff led police on pursuit through the City of Montgomery). These documents show where a Martha L. Humphrey who resided at an address different from that of the Plaintiff, was the registered owner and insured of the vehicle, not the Plaintiff. Ms. Humphrey's insurance company paid both claims associated with the

damage to the police vehicles which was caused by Plaintiff's careless and criminal behavior as he attempted to elude police officers on September 30, 2003.

Based on the above, Defendants deny that Plaintiff is due the relief sought in subparagraph (E) of his Prayer for Relief.

F)   Defendants deny that Plaintiff is due the relief sought in subparagraph (F) of his Prayer for Relief.

G)   Defendants deny that Plaintiff is due the relief sought in subparagraph (G) of his Prayer for Relief.

### AFFIRMATIVE DEFENSES

1.   Defendants plead as their first affirmative defense that the Complaint is insufficient to apprise Defendants of the civil crimes or wrongs for which the Plaintiff seeks damages such that the Defendants cannot properly and reasonably defend themselves.

2.   Defendants plead the general issue.

3.   Defendants aver that they are entitled to the discretionary function immunity set out in §6-5-338 Ala. Code (1975).

4.   Defendants plead qualified immunity and discretionary function immunity.

5.   Defendants aver that the Plaintiff comes before this Court with unclean hands.

6.   Defendants plead and aver that the Plaintiff was contributorily negligent.

7.   Defendants plead the affirmative defense of assumption of the risk.

8.   Defendants reserve the right to amend these affirmative defenses as allowed by the Court.

Respectfully submitted this the 24 day of August, 2005.

_____
Kimberly O. Fehl (FEH001)
Wallace D. Mills (MIL 090)
Attorneys for Defendants

**OF COUNSEL:**
**City of Montgomery**
**Legal Department**
103 N. Perry St.
Montgomery, AL 36104
(334) 241-2050
(334) 241-2310 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addressed on this 24 day of August, 2005 to the following:

Robert Andrew Wermuth
ECF #189991
Dorm 6/B-38
Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama  36017-2615

_____
OF COUNSEL

9