U.S. DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 SEP 27 A 9:56

ROBERT ANDREW WERMUTH,
189991
PLAINTIFF

VS.

SHANNON CARROL YOUNGBLOOD,
et., al.,
DEFENDANT

2:05cv644-D

## OPPOSITION TO DEFENDANTS RESPONSE

Comes now, ROBERT ANDREW WERMUTH, PLAINTIFF, Pro Se, pursuant to order issued on August 30, 2005, opposing Defendants response and submits the following, to wit;

1)   Contrary to the affidavits of Officer Deramus and Officer Welch describing the events at the Kwik Shop on September 30, 2003.

Under oath Officer Welch swore that after asking me to exit the vehicle that I refused. Welch then reached into the Jeep and physically tried to remove me, and that in his attempt he failed, that I got the Jeep started and drove off dragging him 30 ft.

Officer Deramus who was also present and also swore in her affidavit that she was assisting Welch by pulling on my arm, goes on to say that once I got the Jeep started that I drove off dragging Welch 30 ft.

At no time was there any physical contact made between Officer Welch, Officer Deramus, or myself

Further the facts surrounding this event do not support the officers alligations.

The Plaintiff wishes to clarify for the court and the defendants attorney the true nature of the events that occured.

(1)

SCANNED

Referring to the ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT that illistrates the scene at the Kwik Shop, it clearly shows that vehicle (2), the parol unit, was parked paralell to vehicle (1) one, my Jeep, and that if Officer Welch was inthe position that he swore to in his affidavit and was at the drivers door of of the Jeep when I cranked it up and drove off while holding to me. Exactly where was Officer Welch when I rounded the corner and struck the patrol unit? Following Welch's verson of the events, he would have surely have been crushed between the patrol unit and the Jeep if he would have been in the position that he swore to be in.

Actually, after I started the Jeep and rounded the corner scraping against the patrol unit Welch pursued me on foot, ran alongside the Jeep, opened the driver's door and attemped to turn off the ignition. My Jeep, having been stolen before does not reqire a key, therefore, Welch was

My Jeep, having been stolen before does not require a key, therefore, Welch was not able to turn off the ignition, and in his retreat fell, causing abrasions to his hand and elbow Welch's injuries were caused by his own reckless disregaurd for his own saftey. Welch's injuries prove that he was never drug as alleged in his affidavit.

2)   Contrary to the affidavit of Officer Youngblood's sworn statement that it was a " mere accident" that he ran into me at the corner of Hill st. and Day st.

Again, the facts do not support the allegations made by Officer Youngblood that his brakes failed causing him to run into the rear of my Jeep.

To the contrary, Officer Youngblood ran into me while turning off of S. Holt st. onto Day st.for the first time. As illistrated in Exhibit B memorializing his involvement in the pursuit. We continuedon, traveling west on Oak st crossing over Oak st. and approaching the intersection of Day st. and Hill st. As I began to turn left on Hill st., Officer Youngblood swore in his affidavit that at this point his brakes went out causing him to hit me. Officer Youngblood swore that he had to use his emergency brake to stop his patrol unit. However, Officer Youngblood, in the "ALABAMA UNIFORM TRAFFIC ACCIDENT ACCIDENT REPORT", in his oppinion of what happened on September 30, 2003 stated " vehicle one (1), the Jeep was attempting to flee from vehicle (2) two, the patrol unit, at which time vehicle (1) one made a sudden left hand turn causung vehicle (2) two to collide into the rear of vehicle(1)."

Isnt it ironic that in the "ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT" does not mention the brakes failing patrol

(2)

on the patrol unit at the time of the accident, but, two two years later, Youngblood swear in an affidavit dated August 23, 2005 that the brakes failed causing the collision And to top that off, in the memoralization of the pursuit from Youngblood to Lt. Byrne marked exhibit "B" explains that Officer Youngblood drove his patrol unit bac to headquarters.

3) Upon arriving at home, I pulled into my driveway, got out of my car, cooperating with Officer Hill who was with his gun drawn, I voluntarily surrendered myself to by laying face down on the ground with my arms in plain view directly behind my car. Officer Hill knelt down on top of me and I was speaking to him over my left shoulder when, Officer Johnson approached, released Jethro, and commanded him to attack me. The unprovoked attack lasted for several minutes as explained in exhibits "HH" and "JJ".

By Officer Johnson's version of the story, when I pulled into my driveway, he says I exited the vehicle and ran. Officer Johnson swears that he got out of his vehicle, gave the standard K-9 command "STOP OR I WILL RELEASE MU DOG" several times but the "SUBJECT CONTINUED TO RUN." Johnson then swears that he released his K-9 partner, Jethro, and "as Jethro approached the subject", "the subject tripped and fell down" and thats when Jethro "engaged his arm."

Exhibits "AA" through "EE" will show otherwise. Exhibit "BB", "DD" and "EE" show an overall picture of my driveway from the street about where Officer Johnson and Jethro would have been standing. It is clearly shown by the exhibits that if Officer johnson would have yelled " STOP OR I WILL RELEASE MY DOG" three times I would have time to run 30 or 40 yards away. To the contrary, I surrendered myself to the officers directly behind where my jeep is parked, see exhibit "AA".

Further, exhibits "AA" and "BB" show two different angles from where my my friend witnessed the attack first hand from the front door of our home, which could not have more than 15 feet away from the point of arrest, see exhibit "HH".

Exhibit "CC" shows a close up of the area in front of where I surrendered, it is clear that it is boxed in with a six foot fence on the left, a gate in the front and the house on the right.

Exhibits "GG" and "FF" show damage to the rear of my Jeep after the collision with Officer Youngblood.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. mail, postage prepaid and properly addressed on this __25__ day of __September__ 2005 to the following:

KIMBERLY O. FEHL
CITY OF MONTCOMERY
LEGAL DEPARTMENT
103 N. PERRY ST.
MONTGOMERY, AL 36104

_Robert Andrew Weemuth_
PLAINTIFF

OFFICE OF THE CLERK
U.S. DISTRICT COURT
P.O.BOX 711
MONTGOMERY, AL 36101-0711