IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RABERT ANDREW WERMUTH,
189991,
PLAINTIFF

VS.    CV 2:05-cv-644-D

SHANNON CARROLL YOUNGBLOOD,
et. al.,
DEFENDANT



2005 SEP 27  A 9: 56

_____

AMENDMENT TO COMPLAINT

Comes now, ROBERT ANDREW WERMUTH, Pro Se, and moves this Court for leave to amend original complaint in the above styled cause. Pursuant to Rule 9(h), 15(a), Federal Rules Civil Proceedure, as requested in the original complaint when the true identity of said Defendants were ascertained. Herein, and directing both the issuance and service process on them and for grounds therefore shows:

1) This is a civil action filed by ROBERT ANDREW WERMUTH, Pro Se, A state prisoner for damages and injunctive relief under 42 U.S.C.A., 1983 alleging excessive force and assault and battery in violation of the Eighth amendment to the U.S. Constitution.
   Plaintiff alleges the torts of assault and battery upon your plaintiff.

2) Defendant EVERETTE L. JOHNSON, as alleged in the original complaint, violated plaintiffs Eighth amendment right right to be free of cruel and unusual punishment.
   On September 30, 2003, after getting out of my car, in my driveway, I voluntarily surrenderedmyself to police and laid face down on the ground behind my vehicle. Officer Hill knelt down on top of me with his gun in his hand, while in this position Defendant Johnson approached and released a police dog and commanded the dog to attack me. The attack lasted fo several minutes.
   Plaintiff shows this Court that your plaintiff was cooperating with police laying face down on the ground

(1)

with arms in plain view.

Plaintiff further shows this Court that without warning Defendant Johnson ordered the police to attack your plaintiff. The attack lasted several minutes.

During the attack your plaintiff was so severely injured that he needed immediate medical attention.

Plaintiff shows this Court that said events transpired on September 30, 2003.

Defendant Johnson is a citizen and resident of the city of Montgomery and is subject to the jurisdiction of this Court as to both service of process and venue and upon order of this Court can be made a party defendant herein without depriving this Court of jurisdiction.

Defendant Johnson is being sued in his individual capacity at this time.

3) Defendant Hill, as alleged in the original complaint violated plaintiffs Eight amendment right to be free of cruel and unusual punishment.

On September 30, 2003, after getting out of my car, in my driveway, I voluntarily surrenderedmyself to police and laid face down on the ground behind my vehicle. Defendant Hill knelt down on top of me with his gun in his hand. While in this position Officer Johnson approached and released a police dog and commanded the dog to attack me. The attack lasted for several minutes.

Again, Plaintiff shows this Court that plaintiff was cooperating with officers and was laying face down with arms in plain view.

Plaintiff shows this Court that Defendant Hill was present at the scene of the unwarranted attack and made no effort to exercise his duty owed and protect me from cruel and unusual punishment.

Again, Plaintiff shows this Court that during the attack he was so severely injured that he needed immediate medical treatment.

Plaintiff shows this Court that Defendant Hill was present at the scene of the attack and failed his duty to protect me from cruel and unusual punishment.

      Plaintiff shows this Court that said events transpired on September 30, 2003.

      Defendant Hill is a citizen and resident of the city of Montgomery and is subject to the jurisdiction of this court as to both the service of process and venue and by order of this Court can be made a party defendant without depriving this court of juris diction.

      Defendant Johnson is being sued in his individual capacity at this time.

4) Defendant Byrne, as alleged in the original complaint violated Plaintiffs Eighth amendment right to be free of cruel and unusual punishment.

      On September 30, 2003, after getting out of my car, in my driveway, I voluntarily surrendered myself to police and laid face down on the ground behind my vehicle. Officer Hill knelt down on top of me with his gun in his hand. While in this position Officer Johnson approached an released a police dog and commanded the dog to attack me. The attack lasted for several minutes.

      Again, Plaintiff shows this Court that Plaintiff was cooperating with police and laying face down with arms in plain view.

      Plaintiff shows this Court that not only was Defendant Byrne present but he ordered all officers to stay back because Officer Johnson did not have control over Jethro. Def-Byrne made no attempt to stop the attack.

      Again, Plaintiff shows this Court that Plaintiff was cooperating with police and laying face down on the ground with arms in plain view.

      Plaintiff swows this Court that said events occurred on September 30, 2003.

      Defendant Byrne is a citezen and resident of the city of Montgomery and is subject to the jurisdiction of this Court as to both service of process and venue and upon order of this Court may be made a party Defendant herein without depriving depriving this Court of jurisdiction.

      Defendant Byrne is being sued in his individual capacity at this time.

As alleged in ground two of the original complaint, Defendant Youngblood violated Plaintiffs Eighth amendment right to be free of cruel and unusual punishment.

Plaintiff was being pursued through a residential neighborhood and Defendant Youngblood slammed his patrol unit into the rear of Plaintiffs Jeep two times.

At the corner of S. Holt st. and Day st. Defendant Youngblood slammed his patrol unit into the rear of Plaintiffs Jeep.

At the corner of Day st. and Hill st. Defendant Youngblood, for the second time slammed his patrol unit into the rear of Plaintiffs Jeep this time pushing Plaintiff into the four lane intersection of Hill st. and Day st. Not only was Officer Youngbloods life in danger because of his actions but the public as well as myself.

Plaintiff alleges the torts of assault by Defendant Youngblood against your Plaintiff with a patrol unit of the Montgomery Police Department.

Again Plaintiff shows this Court that said Events transpired on September 30, 2003.

During the events Defendant Youngblood was a citizen and resident of the city of Montgomery and is subject to the jurisdiction of this Court as to both service of process and venue and upon order of this court can be made a Defendant Party herein without depriving this Court of jurisdiction.

As to the facts alleged in ground one of the original complaint Defendant Youngblood is no longer implicated.

Defendant Youngblood is being sued in his individual capacity at this time.

6) As to the facts alleged in ground one and ground two of this complaint Defendant Youngblood is no longer implicated.

Plaintiff moves this Court for leave to amend the Montgomery Police Department and or its agents as Defendants and to be liable to be sued in their individual capacity as well as their official capacity.

(4)

Pursuant to Rule 38(a), Federal Rules Civil Proceedure, Plaintiff hereby demands a jury trial as to issues in both ground one and ground two of the original complaint.

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. mail, postage prepaid and properly addressed on this 25 day of September 2005 to the following:

KIMBERLY O. FEHL
CITY OF MONTGOMERY
LEAGAL DEPARTMENT
103 N. PERRY st.
MONTGOMERY, AL 36104

*Robert Andrew Wermuth*
PLAINTIFF

OFFICE OF THE CLERK
U.S. DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL 36101-0711

ROBERT ANDREW WERMUTH
189991 6-b 38
EASTERLING CORR. FACILITY
200 WALLACE DRIVE
CLIO, AL 36017

(5)