IN THE U.S. DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

ROBERT ANDREW WERMUTH,
PLAINTIFF

VS.                                           CV 2:05-cv-644-C

SHANNON CARROLL YOUNGBLOOD,
et., al.,
DEFENDANT

# AMENDMENT

MOTION TO SUBMIT SUPPLEMENTAL
PLEADINGS TO THE "AMENDED COMPLAINT"

Comes now, ROBERT ANDREW WERMUTH, PLAINTIFF, PRO-SE, and moves this Curt to submit the following amendments pursuant to Rule 15(d), FEDERAL RULES OF CIVIL PROCEEDURE WHICH which states in part, ... "permission may be granted even though the original pleading is defective in claim for relief or defense..." fuether, " amendments are to be allowed freely... when justice so requires."

IV. Parties
DEFENDANTS

1)   at all times in reference to "ground one" of the "original complaint", EVERETTE L. JOHNSON, shall be known as a DEFENDANT whose address is known as:

MONTGOMERY POLICE DEPARTMENT
320 N. RIPLEY ST.
MONTGOMERY, ALABAMA 36104

2)   At all times refered

2)   At all times in reference to "ground one" of the "original complaint," LT. BYRNE, shall be known as a DEFED-ANT whose address is known as:

MONTGOMERY POLICE DEPARTMENT
320  N. RIPLEY ST.
MONTGOMERY, ALABAMA 36104

3)   At all times in reference to "ground one" of the "original complaint", Officer Hill, shall be known as a DEFENDANT whose address is known as:

MONTGOMERY POLICE DEPARTMENT
320 N.RIPLEY ST.
MONTGOMERY, ALABAMA 36104

(1)

4)   At all times in reference to "ground two" in the "original complaint", SHANNON CARROLL YOUNGBLOOD shll be known as a DEFENDANT whose address is kwown as:

>MONTGOMERY POLICE DEPARTMENT
>320 N. RIPLEY ST.
>MONTGOMERY, ALABAMA 36104

### DEFENDANT JOHNSON

DEFENDANT JOHNSON is and was a Montgomery police officer employed by the MONTGOMRRY PLOICE DEPARTMENT while your Plaintiff was being attacked by the Defendants during the course of events out lined in "ground one" of the "original complaint.

Defendant Johnson arbitralily and capriciously violated your Plaintiff's Constitutional right, both state and federal, and, further, violated state and fedral statutes during the course of events outlined in "ground one" of the "original complaint ."

### DEFENDANT HILL

Defendant Hill is and was a ploice officer employed by the MONTGOMERY POLICE DEPARTMENT while your Plaintiff was being attacked by the Defendants and or their agents during the course of events outlined in "ground one" of the "original complaint".

Defendant Hill arbitrarily and capriciously violated your plaintiff's constitutional rights, both state and federal, and, further, violated state and federal statutes during the course of events outlined in "ground one" of the "original complaint".

### DEFENDANT BYRNE

Defendant Byrne is and was a police officer employed by the MONTGOMERY POLICE DEPARTMENT while your Plaintiff was being attacked by the Defendants and/or their agents during the course of events outlined in "ground one" of the "original complaint".

Defendant Byrne, aribitrarily and capriciously violated your Plaintiff's Constitutional rights, both state and federal, and, further, violated state and federal statutes during the course of events outlined in "ground one" of the "original complaint".

(2)

<u>DEFENDANT YOUNGBLOOD</u>

<u>Defendant Youngblood is and was a police officer</u> employed by MONTGOMERY POLICE DEPARTMENT while your Plaintiff was being assaulted with a vehicle as outlined in "ground two" of the "original complaint".

Defendant Youngblood, arbitrarily and capriciously violated your Plaintiff's Constitutional rights, both state and federal, and, further, violated state and federal statutes during the course of events outlined in "ground two" of the "original complaint".

ADDENDUM IV.
continued from page 4
of the original complaint
RELIEF SOUGHT

Plaintiff prays that this Court will grant the following relief in the case at bar as follows:

The actions by the Defendants and/or their agents using excessive force and assault was without provocation and failing to intervene to prevent the misuse of force and assault were done maliciously and sadistically and constitute cruel and unusual punishment under the Eighth amendment of the United States Constitution and the Constitution of Alabama 1901

Wherefore, Plaintiff request that the Court grant the following relief:

(A)     ISSUE DECLARATORY JUDGEMENT STATING THAT:

(1) The physical abuse of the Plaintiff by the Defendants Johnson, Byrne, Hill, and Youngblood violated the Plaintiff's rights under the Eighth amendment to the U.S. Constitution and constituted assault and battery under state law.

(1) Defendants failure to take action to curb or stop physical abuse of prisoners violated Plaintiff's Eighth amendment right to the U.S. Constitution and constituted an assault and battery under state law.

(B) ADOPT BY REFERENCE relief sought marked "B" page 9 of "original complaint".

(C) AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

(1) $100,000 jointly and severally against Defendants Johnson, Byrne, Hill, and Youngblood for the physical and emotional injuries sustained by Plaintiff as a result of attacks, and;

(2) $100,000 jointly and severally against Defendants Johnson, byrne, hill and Youngblood for payment to retrain your Plaintiff in a vocation suited for him after the attacks, and;

(3) $100,000 jointly and severally against Defendants Johnson, Byrne, Hill, and Youngblood for mental health evaluation, counseling, and medications needed to assist your Plaintiff through trauma suffered by the Defendants attack, and;

(4) $200,000 for lost wages your Plaintiff suffers because of the attack, and;

(5) $2,000 for damage caused to Plaintiff's vehicle by Defendant Youngblood's assault with a police vehicle, and;

(6) $200,000 jointly and severally for reconstructive surgery and therapy needed by Plaintiff because of attacks.

(D) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

#00,000 each against Defendants Johnson, Byrne, Hill, and Youngblood.

(E) ADOPT BY REFERENCE relief sought in paragraph "E", "F", "G" of the "original complaint".

Executed this 17th day of October, 2005.

Respectfully Submitted,

*Robert Wermuth*

ROBERT WERMUTH,
PRO-SE

NOTARY STATEMENT

*[signature]* 10/17/05
NOTARY

My commission expires March 19, 2007

MY COMMISSION EXPIRES

(4)