IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

RECEIVED 2005 DEC 14 P 3: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| ROBERT ANDREW WERMUTH, #18991 <br><br> Plaintiff, <br><br> v. <br><br> SHANNON CARROL YOUNGBLOOD et al., <br><br> Defendant. | Case No. 2:05-CV-644-C |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants, by and through undersigned counsel, pursuant to this Court's Order of November 29, 2005, submit this Response to Plaintiff's Motion for Sanctions and state the following:

1. Plaintiff filed a Motion for Production of Documents on September 25, 2005. In Plaintiff's motion, he requested Defendant's produce a, "use of force incident report", a copy of "standard operating procedures which govern the use of force including but not limited to, required training that qualifies a Montgomery Police Officer to use force, a copy of the standard operating procedure for vehicle pursuit and the rules that govern training that is required to qualify a Montgomery Police Officer, a copy of all complaints, reviews, or internal investigations or disciplinary actions brought within the last (36) months, an accurate number of the "use of force" complaints filed within the last (36) months that involved the Montgomery Police Department as a whole, a copy of vehicle maintenance records for one year prior to and one year after September 30, 2003 for the units

    driven by Officer Youngblood, and Officer's Hill and Horner, all medical documents that reflect the treatment and describe injuries of Officer Welch at the scene of the Kwik Shop and further treatment at Jackson Hospital by Dr. Lansens and or his staff, and a copy of the existence of any liability insurance under which defendants are insured.  **(See attached Exhibit 1, Plaintiff's Motion for Production of Documents.)**

2. On September 30, 2005, this Honorable Court entered an Order granting Plaintiff's Motion for Production of Documents, with respect to the Plaintiff's requests for the incident report and medical treatment records of the Plaintiff and Officer Welch relevant to the incident which occurred September 30, 2003.  This Order further stated, "this motion is hereby Denied with respect to all other requests made by the Plaintiff".  **(See attached Exhibit 2, Order on Motion for Production of Documents.)**

3. On October 19, 2005, Defendant's filed a Notice of Compliance with the Courts Order of September 30, 2005.  In this Notice Defendant included a copy of the incident report which occurred on September 30, 2003, along with the medical records of the Plaintiff and Officer Welch.  The documents produced were those specifically referred to in this Court's Order of September 30, 2005.  This Court had previously ruled that all other documents had been denied.  **(See attached Exhibit 3, Defendants' Notice of Compliance.)**

4. On October 24, 2005 Plaintiff filed an additional Motion for Production of Documents stating that Defendant had "failed to comply with the court order of September 27, 2005."  Plaintiff based his argument on the improper assumption

that Defendant had not produced the "use of force" and "vehicle pursuit" documentation that he had requested. In the same motion plaintiff again requested the Standard Operating Procedures that govern and qualify a Montgomery City Police Officer in the "use of force" and "vehicle pursuit", which this Honorable Court previously ruled upon on September 30, 2005. **(See attached Exhibit 4, Plaintiff's Motion for Production of Documents.)** The Court's motion stated, "this motion is hereby GRANTED with respect to the plaintiff's requests for the incident report and medical treatment records of the plaintiff and officer Welch relevant to the incident which occurred on September 30, 2003." "This motion be and is hereby DENIED with respect to all other requests made by the plaintiff."

5. Defendant complied with the order and provided the incident report and medical treatment records of the plaintiff and Officer Welch that were relevant to this incident on October 29, 2005. **(See Exhibit 3, Defendants' Notice of Compliance.)**

6. On October 27, 2005 Plaintiff filed another Motion for Production of Documents. On October 27, 2005, this Honorable Court granted Plaintiff's request with respect to all reports relevant to Plaintiff's arrest of September 30, 2003 and all medical records of treatment provided to Officer Welch as a result of his involvement in the Plaintiff's arrest. **(See attached Exhibit 5, Order regarding Plaintiff's Motion for Production of Documents.)**

7. On November 16, 2005, Defendant's filed a Notice of Compliance with Court's Order producing copies of the assault and theft file for Plaintiff relevant to this

incident and another copy of the medical records pertaining to the treatment of Officer Welch from the incident of September 30, 2003. **(See attached Exhibit 6, Defendants' Notice of Compliance with Court Order.)**

8. On November 22, 2005, Plaintiff filed a motion to enter sanctions for "Defendant's failure to comply with Court's Order" stating that Defendant's failed to comply with Court's Order to produce the Standard Operating Procedure for "vehicle pursuit" and "use of force". Plaintiff based these sanctions on the misconception that Defendant's were supposed to produce these documents. Defendants maintain that they have always been in compliance with the Order's of this Court. **(See attached Exhibit 7, Plaintiff's Motion for Sanctions for Failure to Comply.)**

9. Defendants have produced all documentation ordered by this Honorable Court including producing some documents twice. Defendants have complied with the Court's Orders fully and completely.

10. Plaintiff has repeatedly requested Defendants to produce documents that have not been ordered by the Court and now has requested that the Court enter sanctions based on same. As set out above, Defendants have complied fully with all Orders of this Court and produced all documentation that has been ordered.

11. In an effort to facilitate production of any other documents requested by Plaintiff, Defendants provide with this response the Montgomery Police Department K-9 Training Manual Policies and Procedures. **(See attached Exhibit 8, Montgomery Police Department K-9 Training Manual Policies and Procedures.)**

**WHEREFORE,** above premises considered, Defendants submit that Plaintiff's Motion for Sanctions is due to be denied.

Dated this the 14th day of December, 2005.

_____
KIMBERLY O. FEHL (FEH001)
Attorney for Defendants


**CITY OF MONTGOMERY**
**Legal Department**
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 – facsimile


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed on this the 14th day of December, 2005:

Robert Andrew Wermuth
ECF# 189991
Dorm 6/B-38
Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama 36017-2615

_____
KIMBERLY O. FEHL