U.S. DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA


ROBERT ANDREW WERMUTH
PLAINTIFF

    VS.

                                  CV.05-644-C

SHANNON CARROLL YOUNGBLOOD,
et.,al.,
DEFENDANTS


MOTION FOR PRODUCTION OF DOCUMENTS

Comes now, Plaintiff,ROBERT ANDREW WERMUTH, Pursuant to Rule 26 and 34 (A.R.Civ.P., and moves this Court to issue order in compliance with the following:


1)    On September, 27, 2005 this Court considered and hereby GRANTED a motion with respect with the Plaintiff's request for a "USE OF FORCE" arrest and incident report relevant to an arrest made on September 27, 2003 by Defendants Johnson and his K-9 partner Jethro, at 948 garland dr.

2)    At the same time this Court considered and GRANTED Paintiff's request for medical treatment records for the Plaintiff and Defendant Welch relevant to the incident which occurred on September 30, 2003.

3)    Plaintiff wishes to bring to this Courts attention Defendants failure to comply with court order issued on September 27, 2005, when on October 14, 2005 they submitted a document titled "DEFENDANTS MOTION OF COMPLIANCE WITH COURT ORDER".

4)    The "ALABAMA UNIFORM INCIDENT/OFFENSE REPORT" is merely a traffic incident report submitted by Officer Welch dealing with a traffic accident that happened in the parking lot of Kwik Shop at 565 E. Blvd.

5)    The medical information provided by the Defendants contains information about a surgery for Officer Welch that took place on July 6, 2004, nine months later and has nothing to do with the documents this Court ordered to be given to your Plaintiff. about medical treatment recieved On September 30, 2003 as set out in court order.



EXHIBIT
4

6)    The Plaintiff will again reassert his need for the
requested documents and make it clear as to why they are
relevant to his position in this matter.

7)    Plaintiff shows this Court that the items requested are
not expensive, hard to obtain, and not unduly burdensome
for the Defendants to provide.

8)    The Plaintiff shows this Court that under Alabama
Law after a defendant claims Peace Officer Immunity
pursuant to Alabama Code 1975 title 6-5-338, that he is
sheilded from liability in a civil action and the burden
then shifts to the Plaintiff to show that the officer acted
willfully, maliciously, fraudulently, in bad faith, beyond
his authority, or under a mistaken interpitation of the of
the law. pursuant to Howard V. City of Atmore, 887 so.2d 201
(ALA. 2004) quoting Ex Parte Cranman, 792 so.2d 392 (ALA.
2000)

9)    Therefore, it is vital to your Plaintiffs position and
Plaintiff shows this Court the necessity of the Standard
Operating Proceedures that govern and qualify a MONTGOMERY
CITY POLICE OFFICER in "the use of force" and "vehicle pursuit".
TThat is to say, so the Plaintiff can meet his burden of
proof as to avoid summary judgement.

10)    Specifically, the medical information requested by
Plaintiff of Officer Welch's treatment by fire medics at
the scene of Kwik Shop and a follow-up by Dr. Lansens at
Jackson Hospital.

11)Again your Plaintiff shows this Court that the items
requested are not expensive, hard to obtain or unduly
burdensome for the Defendants to provide.

12)    Your Plaintiff prays this Court will consider and
GRANT his request as set out above.

Respectfully submitted

_Robert Wermuth_
Robert Wermuth
189991

Executed on this 24th day of October , 2005.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. mail, postage prepaid and properly addressed to the following:

KIMBERLY O. FEHL
CITY OF MONTGOMERY
LEGAL DEPARTMENT
103 N. PERRY ST.
MONTGOMERY, ALABAMA
36104

OFFICE OF THE CLERK
U.S. DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36101-0711

ROBERT ANDREW WERMUTH
189991  6b-38
200 WALLACE DR.
CLIO, ALABAMA
36017

Robert A. Weemuth