IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT ANDREW WERMUTH
PLAINTIFF

VS.

CIVIL ACTION 2005-644-C

SHANNON CARROL YOUNGBLOOD
et.,al.,
DEFENDANTS

RECEIVED
2005 NOV 22 A 9: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

MOTION TO ENTER SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER

  Comes now, Plaintiff, Robert Andrew Wermuth, Pro-Se, pursuant to Rule 37, Ala.R.Civ.P., and moves this Court to enter sanctions against the Defendants for failure to comply with court order to produce documents, and as cause for such shows the following:

1) On October 24, 2005 P•laintiff filed a motion for production of documents pursuant to Rule 34, Ala.R.Civ.P. requesting that Defendants produce standard operating proceedure for "VEHICLE PURSUIT" and "USE OF FORCE" (ie. using a K-9 to effectuate an arrest) as set out in paragraph 8 and 9 of said motion.

2) Plaintiff has shown this Court, for good cause, the necessity of these S.O.P.'s (rules and regulations that govern) for "VEHICLE PURSUIT" and "USE OF FORCE" (K-9's).

3) Because Defendants asserted "PEACE OFFICER IMMUNITY" pursuant to title 6-5-338, Ala. Code 1975, he is sheilded from liability in a civil action and the burden then shifts to the Plaintiff to show the officers acted willfully, maliciously, fraudently, in bad faith, or under a mistaken interpitation of the law as the Court has heli in HOWARD V. CITY OF ATMORE, 887 so.2d 201 (Ala 2000), quoting Ex Parta Cranman, 792 so.2d 392 (Ala 2000).

4) It is impossible for the Plaintiff to meet his burden of proof as to defeat the asserted defense of "PEACE OFFICER IMMUNITY" if the Defendants will not produce the Department Rules and Regulations that govern the acts of "VEHICLE PURSUIT" and "USE OF FORCE" (K-9's).

(1)


EXHIBIT 7

5) Plaintiff asserts that he is a Pro-Se litigant in prison and has basicly no resources as far as discovery goes. By the Defendants failure to comply with court orders to produce S.O.P.'s, the Defendants display contempt and show little respect, not only to Plaintiff, but to the Judge and the Judiciary as a whole.

6) Plaintiff again shows this Court that the information requested is not expensive, hard to obtain, and not unduly burdensome for the Defendants to provide.

7) Plaintiff moves for this Court to enter an order pursuant to Rule 37(a), Ala.R.Civ.P. compelling Defendants to provide Standard operating proceedure (rules and regulations that govern) for "VEHICLE PURSUIT" ana "USE OF FORCE" (K 9's) as requested by production so the Plaintiff may meet his burden of proof as to avoid SUMMARY JUDGEMENT.

8) Further, Plaintiff moves for the Defendants, for failing to obey this Court's order to produce S.O.P.'s, to pay reasonable expenses, including attorneys fees caused by the failure to comply and sanctions to be placed on them for the sum of $500.00 for undue delay in litigating this case.

9) Finally, Plaintiff prays that upon consideration of this motion that this Court will hereby GRANT Plaintiff's request and order any further relief it deems necessary.

*Robert Wermuth*
Respectfully Submitted,

ROBERT ANDREW WERMUTH
189991 6b-38
200 Wallace dr.
Clio, alabama
36017

certificate of service

I hereby certify that I have served a copy of the foregoing document by causing the it to be placed in the U.S. Mail, postage pre-paid and properly addressed to the following: Done this 21st day of November 2005.

Kimberly O. Fhel
CITY OF MONTGOMERY
LEAGAL DEPARTMENT
MONTGOMERY, ALABAMA
36104

OFFICE OF THE CLERK
U.S. STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36101-0711

(2)